rule for a commission was granted before issue join- ed, to prevent losing an opportunity of transmission which then presented itself. No return having been made, the cause was noticed for trial for the last sittings in *March*, 1803, when the defendant's attorney, seeing some witnesses in the court, whose absence, he feared, might delay the cause after the return of the commission, appeared, and examined them; stating, however, the circumstances of his case, and that he begged to be considered as acting without prejudice to his future rights. He now moved to set aside the verdict, with costs; the plaintiff having proceeded to trial, without vacating the rule for the commission.

*Per Curiam.* When a rule for a commission has been obtained, it suspends the cause till, on application to the court, a *vacatur* be ordered and entered. But, if the defendant appear, and examine witnesses, it is a waiver of his commission, and the *vacatur* is unnecessary. The motion must be refused.

*Codwise, Ludlow and Co.* v. *John Hacker.*

THE plaintiffs, in the sittings of *June*, 1802, at *New-York*, as owners of a ship, of which the defendant was captain, had, in an action against him, for deviating from his orders, obtained a verdict, subject to the opinion of the court, on a case to be made; and he, in a cross suit, had recovered against them a larger sum, subject to deductions, in case, the opinion of the court should be against him, as to certain items, charged, and allowed by the jury.

A a

May Term,
1803.

· A case was made on the part of the defendant, to which the plaintiff proposed amendments, which were adopted ; the cause was then noticed for argument, for the next *October* term, and also, for *January* term following, in *Albany.* But, it was then recollected, that some material facts had been omitted, without which, the case could not present the only important question in the cause. This was mentioned to the plaintiffs' attorney, who would not say whether he would consent to the amendments or not. The papers from whence they were to be drawn, and the case perfected, were in the hands of the plaintiffs' attorney, in *New-York ;* so, that the case could not be completed in *Albany.* No application was made to a judge to correct the amendments. Nor had cases been delivered.

*Hopkins* now moved, to set aside the original order to stay proceedings, that a case might be made, and for leave to enter up judgment.

*Riker* resisted the application, because the case was imperfect, and the papers from whence only it could be completed, were in the hands of the plaintiffs.

*Per Curiam.* We must deny the motion ; because, in the first place, there were cross verdicts to nearly the same amounts. Secondly, the cases were never perfected, and it did not appear to be exclusively the fault of either. Thirdly, the plaintiffs' attorney not having denied the omission of certain material facts, the court would presume they had appear-

ed on the trial, and ought to be a part of the case.——
Let the case be perfected within thirty days.

*Hopkins* prayed costs, insisting he had been regular.

*Per Curiam.* We consider, that the plaintiffs were irregular, in not answering when applied to, whether they would receive amendments or not.

N. B. It was said, by the court, that where a defendant, after verdict, makes a case, and notices for argument, if he does not appear at the time when called, judgment shall go: but when the plaintiff notices a case, made on the part of the defendant, and the plaintiff is not ready, it shall go down.

## *Callagan and others* v. *Hallett & Bowne.*

THE plaintiffs were pilots of the port of *New-York.* The defendants, owners of a brig called the *Neptune.* The vessel had been driven on shore at *Barnegat*, to bring her from whence safe into *New-York*, the defendants had agreed to give the plaintiffs five hundred dollars, and the service having been performed, the present action was instituted to recover the money.

The declaration consisted of four counts : the first, an agreement with the captain on behalf of his owners ; the second, on one with the owners themselves ; the third, work and labour at the request of the defendants ; the fourth, a *quantum meruerunt.* To this the defendants pleaded the general issue. A case was